UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Crim. No. 3:07cr97 (JBA) |
|---|---|
| v. | |
| JOSE DUPREY | June 1, 2015 |

**RULING DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On March 31, 2008, Defendant Jose Duprey pled guilty [Doc. # 17] to possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He was sentenced on June 19, 2008 to 161 months' imprisonment. He now moves [Doc. # 45], pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence. For the following reasons, his motion is denied.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Mr. Duprey contends that he is eligible for such a reduction based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11.

However, as the Government notes in its opposition to Mr. Duprey's motion [Doc. # 47], Mr. Duprey's sentence was not determined by operation of § 2D1.1 or

§ 2D1.11. Rather, his sentence rested on § 4B1.1, applicable to career offenders.[1] The Second Circuit has clearly held that where, as here, a court "used the career offender Guideline, § 4B1.1 to calculate [a defendant's] base offense level, and not the Drug Quantity Table in § 2D1.1(c), his motion for a reduced sentence [is] properly denied." *United States v. Mock*, 612 F.3d 133, 136 (2d Cir. 2010) (denying career offender's motion to reduce his sentence under Amendment 706, which implemented a two-level reduction of the base offense levels for crack cocaine offenses).

Although Mr. Duprey is to be commended for utilizing his time in prison productively, because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). His Motion [Doc. # 45] for Reduction in Sentence is therefore DENIED.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 1st day of June 2015.

---

[1] Mr. Duprey appears to argue that the career offender guideline does not apply to him because he is not a "serious career offender." This is, however, not a distinction recognized by the guidelines or courts.